﻿Citation Nr: AXXXXXXXX
Decision Date: 12/20/18 Archive Date: 12/20/18

DOCKET NO. 180803-160
DATE: December 20, 2018
ORDER
Entitlement to a compensable rating for arthroscopy scars of the left knee from October 24, 2014 to March 12, 2018, is denied. 
REMANDED
The appeal for service connection for a skin disorder (claimed as scars) on the neck, face, arms, and upper body is remanded.
The appeal for an initial rating greater than 10 percent for a left knee disability is remanded.
FINDING OF FACT
For the entire period on appeal, the Veteran’s left knee scars have been asymptomatic.

CONCLUSION OF LAW
The criteria for a compensable disability rating for left knee arthroplasty scars on have not been met. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. §§ 4.1-4.14, 4.118, Diagnostic Code (DC) 7805 (2017).
REASONS AND BASES FOR FINDING AND CONCLUSION
The Veteran had active service from July 1982 to July 1985 and from June 1987 to December 1988. 
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program “RAMP”, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.
The Veteran opted in to RAMP on March 12, 2018 and selected the Higher-Level Review lane. In June 2018, the agency of original jurisdiction (AOJ) issued its Higher-Level Review with respect to the claim for and increased rating for the left knee, to include a scar, and service connection claim for the skin disorder (claimed as scars), considering the evidence of record as of the date VA received the RAMP election form. In response to the unfavorable June 2018 higher-level review, the Veteran request direct review by the Board. See August 2018 selection. 
The Board notes that the Veteran had two pending claims based on allegations of clear and unmistakable error (CUE) that have not been addressed in a higher-level review decision, and are not within the jurisdiction of the Board. See page 2 of the Veteran’s June 2018 RAMP Codesheet.
The AOJ issued a second higher-level review decision, dated August 15, 2018, regarding issues involving the Veteran’s claimed back and psychiatric disorders. The Veteran has not yet responded to the AOJ’s August 2018 determination. The Board acknowledges that the Veteran’s August 3, 2018 response to the June 2018 higher-level review indicated a desire for an appeal to the Board regarding his back claim. However, the Veteran’s selection regarding the back claim was premature as the Veteran submitted the request prior to the AOJ’s issuance of the higher-level review later in August 2018. If the Veteran desires direct review by the Board, he must request direct review after receiving the RAMP decision that addresses the issue, not before. The Board does not have jurisdiction over the back claim at this time. 
Entitlement to a compensable disability rating for arthroscopy scars of the left knee from October 24, 2014 to March 12, 2018.
The Veteran is service-connected for arthroscopy scars of the left knee. A noncompensable rating has been in effect since August 1991. He filed a claim for increase in October 2014.
The Veteran’s scar is currently rated as noncompensable (zero percent) pursuant to 38 C.F.R. § 4.118, Diagnostic Code (DC) 7805. DC 7805 instructs that scars (including linear scars) and other effects of scars are to be evaluated under 38 C.F.R. § 4.118, DCs 7800, 7801, 7802, and 7804 (2017). This DC further instructs that evaluation of any disabling effects not considered in a rating provided under DCs 7800-04 are to be rated under an appropriate DC. The Board notes that DCs 7800, 7801, and 7802 do not apply to the Veteran’s left knee arthroscopy scars because they pertain to disfigurement of the head, face, or neck, burn scars, and scars that are nonlinear. 
DC 7804 (unstable or painful scars) sets forth the following disability ratings: 10 percent for one or two scars that are unstable or painful; 20 percent for three to four scars that are unstable or painful; or, 30 percent for five or more scars that are unstable or painful. 38 C.F.R. § 4.118, DC 7804. According to Note (1), an “unstable” scar is a scar “where, for any reason, there is frequent loss of covering of skin over the scar.” Id. 
An April 2015 VA examination for scars showed that the Veteran was shown to have several linear scars of the left knee associated with his prior surgery. The examiner noted that the Veteran’s scars were not painful or unstable. None were longer than 1.2 cm or wider than 1 cm. The examiner also determined that there was no functional limitation due to his knee scars and that such did not impact the Veteran’s ability to work. The examiner indicated that the Veteran’s scars were “asymptomatic.” An August 2015 VA examiner similarly observed that the Veteran’s left knee scars were not painful or unstable.
Given this evidence, the Board finds that the Veteran’s linear left knee scars have been asymptomatic during the entire period on appeal, and are not of the size that would warrant a compensable rating under any diagnostic code. Accordingly, the evidence does not show that a compensable disability rating is warranted at any time during the appeal for the Veteran’s left knee arthroscopy scars. 38 C.F.R. § 4.118, DCs 7800, 7802, 7804, 7805. As the preponderance of the evidence is against the claim, the benefit-of-the-doubt rule does not apply, and the Veteran’s claim must be denied. See 38 C.F.R. § 4.3; Gilbert, 1 Vet. App. at 55.
The Board recognizes that the rating criteria for evaluating skin disabilities—to include scars—has recently been amended, effective August 13, 2018. Because the period under review pre-dates the effective date of the new criteria in its entirety, such criteria are not for application. 
REASONS FOR REMAND
1. The appeal for service connection for a skin disorder (claimed as scars) on the neck, face, arms, and upper body is remanded.
The issue of entitlement to service connection for a skin disorder (claimed as scars) is remanded to correct a duty to assist error that occurred prior to the Veteran’s election to enter the RAMP program. The AOJ did not obtain a VA examination prior to the September 2015 rating decision on appeal. However, based on the evidence associated with the claims file prior to the September 2015 rating decision, the Board finds that a VA examination/medical opinion is required to determine whether the Veteran’s current skin disorder (claimed as scar) is related to service. 
In this regard, in the September 2015 rating decision, the AOJ denied the claim, in part, on the basis that no in-service injury had been established and that there was no continuity of symptoms. However, the Veteran had reported that he had an in-service injury in which he was struck by plants in heavy brush which caused his skin to blister and scar after blisters burst. See April 2015 report of general information. He also submitted a March 2012 private treatment record to substantiate his report. The March 2012 treatment record noted pigment changes to the Veteran’s face, and that he had a rash on the face, neck, and bilateral upper extremities for one year. The treatment record also noted the Veteran’s report that the rash was constant and severe and had started one year earlier, in 2011, while doing a drill with special forces. In seeking treatment, the Veteran reported that he ran through bushes, was pricked and had red bumps over his neck and face. The assessment was a rash or other unspecified eruption. See March 2012 treatment record. For these reasons, a remand for a VA examination is required. 
Additionally, the AOJ should have taken steps to determine whether the Veteran served on ACDUTRA or INACDUTRA at the time of the 2011 drill in question. 
2. The appeal for an initial rating greater than 10 percent for a left knee disability is remanded.
The issue of entitlement to a higher initial rating for the left knee disability is remanded to correct a duty to assist error that occurred prior to the Veteran’s election to enter the RAMP program. In March 2017, the Veteran asserted that the August 2015 VA examination report contained inconsistent findings and that it was inadequate for rating purposes. A review of the examination report reveals inconsistent findings regarding left knee meniscus involvement. In one section of the report, the examiner noted that the Veteran did not have, and had never had, any meniscus involvement while in another section of the report, the examiner listed the dates of two meniscal surgeries. See August 2015 VA examination report. 
The AOJ did not obtain a VA addendum opinion or additional VA examination following the Veteran’s March 2017 statement. As the evidence associated with the claims file prior to the Veteran’s March 2018 election to enter the RAMP program demonstrates inadequacies in the August 2015 VA examination report, the Board finds that another VA examination is required to determine the severity of the Veteran’s left knee disability. 
The matters are REMANDED for the following action:
1. Take the appropriate steps to determine dates of any ACDUTRA or INACDUTRA at Fort Lewis in 2011. 
2. Afford the Veteran the appropriate examination to address the Veteran’s claimed skin disorder (claimed as scar). The electronic claims files must be made available to the examiner for review. All appropriate testing must be accomplished. 
(a.) Identify all the Veteran’s current disorders related to skin/scarring symptoms of the neck, face, arms, and upper body. 
(b.) For each disorder identified, is it at least as likely as not (a probability of 50 percent or greater) that the disorder is related to service? The examiner is asked to consider the Veteran’s statements that he experienced an in-service injury involving skin exposure to heavy brush and that he has had scarring/rash ever since. 
(c.) The examiner is asked to provide complete rationale for any opinion offered.
3. Schedule the Veteran for an examination of the current severity of his left knee disability. The electronic claims files must be made available to the examiner for review. All appropriate testing must be accomplished.
(a.) The examiner must test the Veteran’s active motion, passive motion, and pain with weight-bearing and without weight-bearing. The examiner must attempt to elicit information regarding the severity, frequency, and duration of any flare-ups, and the degree of functional loss during flare-ups. If it is not possible to provide a specific measurement, or an opinion regarding flare-ups, symptoms, or functional impairment without speculation, the examiner must state whether the need to speculate is due to a deficiency in the state of general medical knowledge (no one could respond given medical science and the known facts), a deficiency in the record (additional facts are required), or the examiner (does not have the knowledge or training).

(Continued on Next Page)
(b.) To the extent possible, the examiner should identify any symptoms and functional impairments due to the left knee disability alone and discuss the effect of the Veteran’s left knee disability on any occupational functioning and activities of daily living. Consider the Veteran’s reports and complaints regarding left thigh muscle impairment related to the left knee disability.

 
V. Chiappetta
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD Donna D. Ebaugh, Counsel